JUDGE SWEET

08 CIV 4881
OFFICE COPY


RECEIVED
MAY 27 2008
U.S.D.C. S.D.N.Y.
CASHIERS

BLANK ROME, LLP
Attorneys for Plaintiff
EAST OCEAN (HONG KONG)
SHIPPING CO. LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EAST OCEAN (HONG KONG) SHIPPING CO. LTD.

    Plaintiff,

-against-

FIVE OCEAN CORPORATION

    Defendant.

08 Civ.

**VERIFIED COMPLAINT**

---

Plaintiff, EAST OCEAN (HONG KONG) SHIPPING CO. LTD. ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendant, FIVE OCEAN CORPORATION ("Defendant"), alleges upon information and belief as follows:

    1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

    2.    At all material times, Plaintiff was and now is a foreign corporation with its place of business in Hong Kong.

3.   At all material times, Defendant was and is a corporation organized and existing under the laws of Korea or another foreign jurisdiction, with its place of business in Seoul, Korea and no office or place of business in this Judicial District.

4.   On or about June 26, 2006, Plaintiff, as Owner, entered into a time charter party ("the Charter") of the DONG SHENG OCEAN ("the Vessel") with Defendant, as Charterer, for a time-charter trip from China to Europe.

## AS A FIRST CLAIM

5.   Pursuant to the terms of the Charter, Defendant was responsible to book, load, stow, discharge and deliver the cargo.

6.   Cargo receivers at Italy, Siderurgica Latina Martin S.p.A. and Trafilerie Meridionali S.p.A., have asserted claims against Plaintiff, alleging their cargo was damaged, and threatened to arrest the Vessel unless Plaintiff provided alternate security in the sum of 100,000 Euros, or US$157,000.

7.   Plaintiff provided security in the aforesaid amount.

8.   By reason of the premises, Plaintiff is entitled to indemnification for the amount of any liability it may be adjudged to owe the cargo owners, plus the costs of defending the cargo owners' claims.

## AS A SECOND CLAIM

9.   Pursuant to the terms of the Charter, Defendant was responsible to hire and pay stevedores.

10.  The stevedore at the discharging port, Amoroso Giuseppe S.p.A., asserted a claim against Plaintiff and the Vessel for unpaid charges and demanded security for its claim in the sum of 35,000 Euros or US$55,000.

11. Plaintiff provided security in the foregoing amount.

12. By reason of the premises, Plaintiff is entitled to indemnification for the amount of any liability it may be adjudged to owe Amoroso Giuseppe S.p.A., plus the costs of defending said stevedore's claims.

13. The Charter provides for the arbitration of disputes in London, England, and Plaintiff reserves its right to arbitrate its claims, pursuant to 9 U.S.C. § 8.

14. Arbitrators in London routinely award interest, arbitrators' fees, and legal fees and costs to the successful party.

15. Plaintiff estimates it will recover interest of at least US$56,867 at a rate of 8% compounded quarterly for a period of three years, defense costs of at least US$50,000, legal costs of prosecuting its claim against Defendant of at least US$75,000 and arbitral costs of at least US$75,000.

16. The total amount for which Plaintiff seeks issuance of Process of Maritime Attachment and Garnishment herein is **US$468,867**.

17. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers, because Defendant conducts business internationally in U.S. Dollars, and all electronic fund transfers are processed by intermediary banks in the United States, primarily in New York.

WHEREFORE, Plaintiff prays:

A.   That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.   That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the District which are due and owing or otherwise the property of to the Defendant up to the amount of **US$468,867** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.   That this Court award Plaintiff its damages or retain jurisdiction over this matter through the entry of a judgment on the London arbitration award.

D.   That Plaintiff may have such other, further and different relief as may be just and proper.

Dated:  New York, NY
        May 27, 2008

                                    Respectfully submitted
                                    BLANK ROME, LLP
                                    Attorneys for Plaintiff

                                    By _____
                                        Jack A. Greenbaum (JG 0039)
                                    The Chrysler Building
                                    405 Lexington Ave.
                                    New York, NY 10174-0208
                                    (212) 885-5000
                                    jgreenbaum@blankrome.com

## VERIFICATION

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK     )

Jack A. Greenbaum, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Jack A. Greenbaum

Sworn to before me this
27th day of May, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009

BLANK ROME, LLP
Attorneys for Plaintiff
EAST OCEAN (HONG KONG)
SHIPPING CO. LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EAST OCEAN (HONG KONG) SHIPPING CO. LTD., <br><br> Plaintiff, <br><br> -against- <br><br> FIVE OCEAN CORPORATION, <br><br> Defendant. | 08 Civ. <br><br> **AFFIDAVIT UNDER** <br> **SUPPLEMENTAL RULE B** |

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

    JACK A. GREENBAUM, being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant, FIVE OCEAN CORPORATION, ("Defendant"), a foreign corporation, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

900200.00001/6640991v.1

2

2.  Defendant is a party to a maritime contract of charter party and is a foreign corporation organized and existing under the laws of Korea or another foreign jurisdiction, with its place of business in Seoul, Korea and no office or place of business in this Judicial District.

3.  Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4.  In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

JACK A. GREENBAUM

Sworn to before me this
27rd day May, 2008

Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009

900200.00001/6640991v.1

2